FILED

DEC 29 2005

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re ) Case No. 05-40482-C-7
)
DEBRA JEAN TRIPLETT, ) Docket Control No. None
)
) Date: Ex Parte
) Time: Ex Parte
Debtor. )
)
_____)

### MEMORANDUM DECISION

The chapter 7 debtor's petition was filed on October 17, 2005. The debtor and the chapter 7 trustee have stipulated to the extension of the deadlines to file complaints under 11 U.S.C. §§ 523(a) and 727(a), to file motions to dismiss under 11 U.S.C. § 707, and to object to exemptions under 11 U.S.C. § 522.

There are four problems.

First, the extensions are not for the benefit of just the trustee. The stipulation is broadly worded to make all parties in interest the beneficiaries of the extensions. No other party in interest, however, has asked for an extension of any deadline or joined in the trustee's request for an extension. Therefore, the extension will be limited to just the trustee.

Second, to the extent the trustee is seeking to extend the deadline set by Fed. R. Bankr. P. 4007(c) for the filing of dischargeability complaints under 11 U.S.C. § 523(c), the trustee

1  lacks standing to request the extension.  Complaints under
2  section 523(c) must be based on pre-petition conduct.  The
3  trustee holds no pre-petition claim against the debtor which can
4  be made nondischargeable.
5       Third, 11 U.S.C. § 707(b) and Fed. R. Bankr. P. 1017(e)(1)
6  provide that a motion to dismiss a petition pursuant to section
7  707(b) may be brought only by the United States Trustee.
8  Consequently, an extension of the deadline for filing a motion
9  under section 707(b) can be granted only upon a "request by the
10 United States Trustee."  See Fed. R. Bankr. P. 1017(e)(1).  Once
11 again, the trustee here has no standing to seek this extension.
12 To the extent the motion for an extension pertains to a dismissal
13 motion under sections other than section 707(b), neither the
14 Bankruptcy Code nor the Bankruptcy Rules impose any deadline for
15 filing such motions.  There is no need for an extension.
16      Fourth, the deadline set by Fed. R. Bankr. P. 4003(b) for
17 objecting to exemptions runs from the conclusion of the meeting
18 of creditors.  All such objections must be filed no later than 30
19 days after the conclusion of that meeting.
20      The docket indicates that the meeting was continued to
21 February 24, 2006.  Because the deadline for objections runs from
22 the conclusion of the meeting, there is no danger that the
23 deadline will expire before the trustee can examine the debtor.
24 Therefore, in the absence of some other reason for an extension
25 of deadline for objections, this aspect of the requested
26 extension will be denied.
27      Bankruptcy Rule 4004(b) provides that the court may extend
28 the deadline for filing a complaint under section 727 for cause.

1  The motion must be filed before the deadline expires. The
2  deadline in this case is February 13, 2006. The stipulation was
3  filed prior to February 13, 2006. It is timely.
4      Given the stipulation for the extension, it is evident the
5  parties agree there is cause for an extension. The court also
6  agrees. The current deadline will expire before the continued
7  meeting of creditors on February 24. The trustee is entitled to
8  complete the examination of the debtor before being put to a
9  decision regarding the filing of a discharge objection. The
10 court will grant this aspect of the requested extension in a
11 separate order.
12     To the extent the court may have failed to perceive reasons
13 not stated in the stipulation that may justify the extensions it
14 has denied, the denial is without prejudice to a motion filed
15 before the expiration of the applicable deadline and set for
16 hearing in Department C.
17     A separate order will be entered.

Dated: 29 Dec 2005

By the Court

_____
Michael S. McManus, Chief Judge
United States Bankruptcy Court

-3-

**CERTIFICATE OF MAILING**

I, Susan C. Cox, in the performance of my duties as a judicial assistant to the Honorable Michael S. McManus, mailed by ordinary mail to each of the parties named below a true copy of the attached document.

Office of the US Trustee
501 I St. Ste 7-500
Sacramento, CA 95814

Debra Triplett
3129 Birch St
Carmichael, CA 95608

Prem Dhawan
PO Box 965
Benicia, CA 94510

Dated: December 29, 2005

                                        _Susan C. Cox_
                                        Susan C. Cox
                                        Judicial Assistant to Judge McManus