UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FILED
FEB 8 2006
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No. 05-40482-C-7 |
| DEBRA JEAN TRIPLETT, | ) MC No. GLF-1 |
| Debtor. | ) |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION FOR RELIEF FROM AUTOMATIC STAY**

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014. Evidence was taken pursuant to Federal Rule of Civil Procedure 43(e), as incorporated by Federal Rule of Bankruptcy Procedure 9017 and as invoked by Local Bankruptcy Rule 9014(e). Upon review of the record, the court determined that the written record was adequate and that no oral argument was necessary.

### Jurisdiction

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).

## Findings of Fact

Debtor filed her voluntary chapter 7 petition on October 16, 2005. She scheduled a 2003 Isuzu Rodeo ("vehicle") as property of the estate. She did not schedule the vehicle as exempt. She further did not file a Statement of Intention indicating whether she intended to surrender or retain the vehicle. The first meeting of creditors was held on December 14, 2005. The meeting of creditors has been continued to February 24, 2006, and the deadline for the chapter 7 trustee to file a complaint objecting to the debtor's discharge has been extended to April 24, 2006. The chapter 7 trustee has yet to file a trustee's report.

On January 5, 2006, Long Beach Acceptance Corporation, ("movant") filed a motion, notice, and declaration requesting that this court vacate the automatic stay to permit movant to repossess the vehicle. The Kelley Blue Book value of the vehicle in fair condition is approximately $8,790, whereas the value of the vehicle in good condition is approximately $9,750. Movant holds a lien on the vehicle in the approximate amount of $8,915.28. The court is not aware of any other liens against the vehicle. Debtor filed an untimely opposition to the motion. Upon review of the record, the court determined that the written record was adequate and that no oral argument is necessary.

Conclusions of Law

The automatic stay of acts against debtor *in personam* and of acts against property other than property of the estate continues until the earliest of the time when the bankruptcy case is closed, dismissed, or an individual in a chapter 7 case is granted a discharge. 11 U.S.C. § 362(c).

The automatic stay may be terminated earlier if debtor fails to protect the secured party's interest adequately, § 362(d)(1), and, with respect to a stay of an act against property, debtor does not have equity in the property, § 362(d)(2)(A), and the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2)(B). The issue of whether the property is necessary to an effective reorganization is not considered in a chapter 7 case because no reorganization is contemplated in a chapter 7 case.

Movant filed its motion on January 5, 2006, and noticed the motion pursuant to Local Bankruptcy Rule 9014-1(f)(1) for a hearing date of February 7, 2006. Movant's notice correctly stated that any opposition to the motion had to be filed at least fourteen calendar days preceding the date of the hearing. In this instance, that date was January 24, 2006. Debtor did not file a written opposition with the court until February 3, 2006. The court considered the untimely opposition. However, the motion was removed from the court's hearings calendar because the opposition was not timely filed.

Because the debtor did not claim the vehicle as

exempt, nor indicate her intent with respect to surrendering or retaining the vehicle, there is no disputed issue of material fact for the court to consider, and the motion is granted.

Accordingly, an appropriate order will issue.


Dated: February 8, 2006

_____
UNITED STATES BANKRUPTCY JUDGE

Case 05-40482    Filed 02/08/06    Doc 24

# CERTIFICATE OF SERVICE

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Debra Jean Triplett
3129 Birch Street
Carmichael, CA 95608

Prem N. Dhawan
P.O. Box 965
Benicia, CA 94510

Law Offices of Gary Fertig
875-A Island Drive, #373
Alameda, CA 94502

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA  95814

Dated: 2-9-06

_____
Deputy Clerk